UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. COOPER,<br>    Petitioner,<br>v.<br>MICHAEL MARTEL, Acting Warden,[1]<br>    Respondent. | Case No. 16-cv-01915-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner James M. Cooper, a state prisoner who is currently incarcerated at the California Health Care Facility in Stockton, filed the instant *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss the instant petition because it: (1) is untimely under 28 U.S.C. § 2244(d)—the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); and (2) raises only procedurally barred claims. Dkt. 16. Petitioner has filed an opposition. Dkt. 17. Respondent has filed a reply. Dkt. 18.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

**I.  BACKGROUND**

On February 15, 2011, the Sonoma County District Attorney filed an information[2] charging Petitioner with conspiracy (count 1; Cal. Penal Code § 182(a)(1)); kidnapping (count 2; Cal. Penal Code § 207); robbery (count 3; Cal. Penal Code § 211); assault (count 4; Cal. Penal Code § 245(a)(2)); grand theft (counts 5 & 7; Cal. Penal Code § 487(a), (d)(2)); and malicious injury to a telephone line (count 6; Cal. Penal Code § 591). Resp't Ex. A at 20-31; CT 100-111. As to each of the charges except the conspiracy charge, the information alleged that Petitioner had

---

[1] Martin Martel, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The information also charged Petitioner's three co-defendants with similar crimes stemming from an October 1, 2009 home invasion robbery. Resp't Ex. A at 20-31; CT 100-111.

used and discharged a firearm (Cal. Penal Code § 12022.53(b), (c)). *See id.*

On May 5, 2011, pursuant to a negotiated disposition in the Sonoma County Superior Court, Petitioner pleaded no contest to the robbery charge (count 3) and admitted that he was armed with a firearm, in exchange for suspended execution of a seven-year prison term, one year in county jail, three years of probation, and restitution. Resp't Ex. A at 39-41. The remaining charges were dismissed.[3] *Id.* These terms conformed to the written change of plea form that was signed by Petitioner, both attorneys, and the judge. *Id.* at 35-38.

Also on May 5, 2011, the trial court sentenced Petitioner to seven years in prison, suspended execution of that sentence, imposed one year in county jail, and placed Petitioner on probation for three years. *Id.* at 40-42; Resp't Ex. B at 7-11. The judgment and sentence were executed on that same day, May 5, 2011. *Id.*

Petitioner did not file a notice of appeal from his judgment, and his time for doing so expired on July 5, 2011,[4] which is sixty days after his sentence was executed on May 5, 2011. *See* Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed).

On July 12, 2012, the court found Petitioner in violation of probation, but only modified and reinstated probation. Resp't Ex. A at 91-92.

On April 21, 2014, the court again found Petitioner in violation of probation. *Id.* at 109.

On May 29, 2014, the court revoked probation and executed Petitioner's seven-year prison sentence. Resp't Ex. A at 110-111, Ex. C at 61.

On August 18, 2014,[5] Petitioner filed a state habeas petition in the Sonoma County

---

[3] On two occasions during the plea colloquy, the trial court noted that this was "a very favorable disposition that your attorney worked out for you." Resp't Ex. B at 4, 7.

[4] Sixty-days from the date Petitioner's sentence was executed fell on July 4, 2011, which was a holiday. Therefore, the Court considers the next day, July 5, 2011, as the expiration date for filing a notice of appeal.

[5] The record does not include a copy of the state habeas petition filed in the state superior court. Therefore, the Court is unable to determine Petitioner's constructive filing date, i.e., the date the petition was signed (in order to determine if the mailbox rule applies). According to the mailbox rule, a *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001),

Superior Court, and the petition was denied on the merits on August 20, 2014. Resp't Ex. A at 125-126.

On December 2, 2014,[6] Petitioner filed another habeas petition in the Sonoma County Superior Court, and the petition was denied on the merits on December 17, 2014. Resp't Ex. A at 147-153.

On January 2, 2015, Petitioner filed a notice of appeal. Resp't Ex. A at 156-159. On April 14, 2015, the state appellate court dismissed the appeal because "[a]n order denying a petition for a writ of habeas corpus is not appealable" under California law. Resp't Ex D at 1.

On February 13, 2015,[7] Petitioner filed a state habeas petition in the California Court of Appeal, and on June 19, 2015, the state appellate court denied the petition on procedural grounds, stating as follows:

> The petition is procedurally barred because it is untimely (*In re Sanders* (1999) 21 Cal. 4th 697, 703-704); because it raises claims petitioner could have raised on direct appeal (*In re Brown* (1973) 9 Cal. 3d 679, 682); and because petitioner failed to obtain a certificate of probable cause (Cal. Pen. Code § 1237.5), though he directly challenges the sentence that was specified in his plea bargain (*People v. Panizzon* (1996) 13 Cal. 4th 68, 78).

Resp't Ex. E at 1, Dkt. 16-1 at 247. The state appellate court also held that the claim was meritless, and ordered the trial court to amend the abstract of judgment to reflect that Petitioner's 2011 conviction was for first degree robbery (instead of second degree robbery) and that he was sentenced to the upper term of six years on that conviction. *Id.*

---

*vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). However, because the Court is unable to determine the date Petitioner signed his state habeas petition, it deems the petition was filed on the actual date of filing in the state superior court—August 18, 2014.

[6] The Court assumes that Petitioner delivered his state petition to prison officials on the same date he signed the petition— December 2, 2014. *See Saffold*, 250 F.3d at 1268. Thus, the petition is deemed filed on December 2, 2014.

[7] The Court is unable to determine the constructive filing date of the state habeas petition filed in the state appellate court because the record does not include a copy of that petition. Therefore, the petition is deemed filed on the actual date of filing.

3

On July 27, 2015,[8] Petitioner filed a state habeas petition in the California Supreme Court. Resp't Ex. G. On October 21, 2015, the petition was summarily denied. *Id.*; Dkt. 16-1 at 248.

On April 4, 2016,[9] Petitioner filed a federal habeas petition in this Court. Dkt. 1. He contends the trial court sentenced him outside the term authorized by statute, and contrary to the plea agreement. *See id.* at 5-8. Petitioner also alleges that conduct credits were improperly calculated. *See id.* at 9-10.

In an Order dated August 4, 2016, Magistrate Judge Elizabeth D. Laporte ordered Respondent to show cause why a writ of habeas corpus should not be granted. Dkt. 7. Thereafter, this case was reassigned to the undersigned judge. Dkt. 12.

On November 16, 2016, Respondent filed his motion to dismiss. Dkt. 16. On December 20, 2016, Petitioner filed his opposition. Dkt. 17. On January 3, 2017, Respondent filed his reply to the opposition. Dkt. 18.

## II. DISCUSSION

### A. Overview

AEDPA, effective April 24, 1996, imposes a limitations period on petitions for a writ of habeas corpus filed by state prisoners. In prisoner actions challenging non-capital state convictions or sentences, a habeas petition must be filed within one year of, inter alia, the date the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1).

The one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitations period. Fed. R. Civ.

---

[8] The Court deems the state habeas petition filed on the actual date of filing in the state supreme court because the record does not include a copy of that petition.

[9] A proof of service is sufficient to show "delivery" to prison officials. The Court assumes that Petitioner delivered his federal petition to prison officials on the same date the proof of service was signed—April 4, 2016. *See Koch v. Ricketts*, 68 F.3d 1191, 1193 (9th Cir. 1995) (petitioner assumes risk of proving date of mailing). Therefore, the petition is deemed filed on April 4, 2016.

4

1 P. 6(a). This is referred to as the "anniversary method" because, absent any tolling, the expiration
2 date of the limitations period will be the same date as the triggering event in the following year.
3 *Patterson*, 251 F.3d at 1246.

4 In the present case, the limitations period started running on July 6, 2011, the day after July
5 5, 2011—the expiration date for his time to file a notice of appeal from his judgment. *See* Cal.
6 Rule of Court 8.308(a). Thus, Petitioner had one year from the time the limitations period started
7 running—or until July 6, 2012—to file his federal habeas petition. Because he did not file the
8 present petition until April 4, 2016—almost four years after the limitations period had expired—
9 the petition is untimely unless he can show that he is entitled to statutory or equitable tolling.

**B.     Tolling**

11 The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during
12 which a properly filed application for State post-conviction or other collateral review with respect
13 to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Tolling applies to
14 one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

15 As explained above, Petitioner filed a state habeas petition in the state superior court on
16 August 18, 2014—more than two years *after* the limitations period had expired on July 6, 2012. A
17 state habeas petition filed before the limitations period begins to run tolls the limitation period.
18 *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). However, an application for state post-
19 conviction or other collateral review filed after the limitations period has ended cannot toll the
20 limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (Section
21 2244(d) does not permit the reinitiation of the limitations period that has ended before the state
22 petition was filed, even if the state petition was timely filed). Section 2244(d)(2) cannot "revive"
23 the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a
24 clock that has not yet fully run. *See Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)
25 (once the limitations period has expired, collateral petitions can no longer serve to avoid the
26 statute of limitations). Similarly, Petitioner is not entitled to statutory tolling for the time any of
27 his 2014 or 2015 state habeas petitions were pending because they were filed after the limitations
28 period had expired on July 6, 2012. *See id.* Therefore, Petitioner is not entitled to statutory tolling

under 28 U.S.C. § 2244(d)(2) because the limitations period had already run on July 6, 2012.

In addition, a state petition that is denied as untimely does not toll the statute, because it is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) ("tolling under [28 U.S.C. §] 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards"). The state appellate court expressly found Petitioner's February 13, 2015 habeas petition untimely, and the state supreme court summarily denied the same petition, which indicates it adopted the same procedural bars. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991) (holding that where the last reasoned opinion on claim expressly imposes a procedural bar, it should be presumed that later decision summarily rejecting claim did not silently disregard bar and consider merits). Likewise, Petitioner's January 2, 2015 appeal of the state superior court's denial of the habeas petition was not "properly filed," because no such appeal is available under state law. Thus, none of Petitioner's 2015 state court filings could have tolled the limitations period (even if it had not expired). Therefore, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

Aside from statutory tolling, the AEDPA limitations period may be equitably tolled "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). The prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). He must also show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Here, Petitioner does not argue that there is any basis for equitable tolling or allege any facts showing that equitable tolling applies his claims, nor is any basis therefor apparent from the record. Petitioner filed an opposition to the motion to dismiss, but his arguments do not defeat Respondent's motion. Instead, Petitioner contends that he did not carefully consider the exact terms of his plea bargain until after he had violated probation the second time and the seven-year prison sentence was

6

1  executed.[10] *See* Dkt. 17 at 2-3. However, Petitioner's alleged failure to review the terms of that plea bargain until he was actually sent to prison does not qualify for either equitable tolling or even a delayed commencement of the limitations period. Petitioner's opposition also discusses the merits of his claims for habeas relief. *Id.* at 3. The substance of the claims in a petition does not matter for purposes of determining whether the petition was filed on time. Whether or not his claims are meritorious, a habeas petitioner must file his petition before the expiration of the limitations period to have those claims considered. As such, the Court finds no basis to equitably toll the statute of limitations. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (prisoner "bears the burden of showing that this extraordinary exclusion should apply to him").

In sum, Petitioner's federal habeas petition is untimely, and he has not offered the Court a sufficient reason why he should be entitled to statutory or equitable tolling. Accordingly, the Court GRANTS Respondent's motion to dismiss the petition as untimely.[11]

### III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

### IV. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss petition for a writ of habeas corpus as untimely

---

[10] The Court also finds unavailing Petitioner's argument that a claim concerning an alleged violation of a plea bargain can be raised at any time. *See* Dkt. 17 at 2. While it is true that there is no limitations period for prison officials to review possible errors in an abstract of judgment, the same is not true for a federal constitutional challenge to a plea bargain, which is subject to 28 U.S.C. § 2244(d).

[11] Because the Court has granted Respondent's motion to dismiss the petition as untimely, it need not address the alternate argument that the petition raises only procedurally barred claims.

7

1 | (dkt. 16) is GRANTED, and this action is DISMISSED with prejudice.

2. A COA is DENIED. Petitioner may seek a COA from the Ninth Circuit Court of Appeals.

3. The Clerk of the Court shall terminate all pending motions and close the file.

4. This Order terminates Docket No. 16.

IT IS SO ORDERED.

Dated: June 2, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge